Submitted on record and briefs September 25, 1989, affirmed on petition; reversed and remanded for reconsideration on cross-petition April 4, reconsideration denied May 30, petition for review denied June 19, 1990 (310 Or 122)

In the Matter of the Compensation of
Toria S. Benson, Claimant.

BENSON,
*Petitioner - Cross-Respondent,*

*v.*

MULTNOMAH COUNTY
SCHOOL DISTRICT #1,
*Respondent - Cross-Petitioner.*

(WCB 85-14056, WCB 84-01712; CA A50780)

789 P2d 694

Toria Sue Benson, Portland, filed the briefs *pro se* for petitioner - cross-respondent.

Jerald P. Keene and Roberts, Reinisch & Klor, P.C., Portland, filed the brief for respondent - cross-petitioner.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board which affirmed the denial for her chemical sensitivity and stress claims, but overturned the denial for her back and neck conditions. Claimant challenges the denials of her claims; she contends that the Board used an incorrect standard and that the order is not supported by substantial evidence. Employer cross-petitions for review[1] and challenges the portion of the order which reverses the denials of compensability. It contends that the Board failed to explain its credibility finding which was different than that of the referee and that such reversal is not supported by the record. We affirm on the petition and reverse and remand on the cross-petition.

Claimant was a school teacher for employer between 1965 and 1983. She filed a claim in November, 1983, alleging that, on October 4, 6 and 7, she had been involved in physical confrontations with students that caused compensable injuries to her neck, shoulders and back. She also alleged that these events contributed to her pre-existing psychological disability. She filed a second, unrelated claim in August, 1985, alleging that she had suffered from a chemical sensitivity because of the inhalation of fumes when the school building roof was repaired. Employer denied both claims.

Claimant sought review and, after a consolidated hearing, the referee upheld the denial of both claims. The Board viewed the claims as presenting four potential compensable conditions. It first found that claimant's neck, shoulder and back conditions were caused or worsened by the student confrontations. It also found that those events caused an increase in her pre-existing psychological disability. The Board therefore concluded that she had established a compensable injury with physical and psychological components.[2] The Board then reviewed her alleged chemical sensitivity and psychological stress conditions as they related to her general work activity. It found that neither condition was work related and, therefore, upheld the denial of compensability.

---

[1] Employer is self-insured.

[2] The referee also found that claimant did not timely file a claim for compensation for her increased psychological stress. ORS 656.807(1). The Board reversed, finding that her request was timely. Employer does not challenge that.

■　　　Claimant first contends that the Board used an incorrect standard when it reviewed her chemical sensitivity and psychological stress conditions. We disagree. The Board found that neither condition, which it classified as being occupational disease claims, was compensable, because there was no evidence that her work activity or exposure to the fumes was a major contributing factor in her conditions. That is the correct standard for determining the existence of an occupational disease. ORS 656.802(1); *SAIF v. McCabe,* 74 Or App 195, 199, 702 P2d 436 (1985); *SAIF v. Gygi,* 55 Or App 570, 574, 639 P2d 655, *rev den* 292 Or 825 (1982).

■　　　The thrust of claimant's next three assignments is that she proved that her chemical sensitivity and psychological stress conditions are compensable. There was extensive medical evidence presented relating to both conditions that we need not set out. It suffices to say that there is a conflict in the various medical opinions concerning the relationship between claimant's conditions and her work. There is substantial evidence on the basis of countervailing as well as supporting evidence from which a reasonable person could find that her conditions were not compensable.[3]

■　　　Employer cross-petitions and challenges the Board's finding of compensability for claimant's neck, shoulders and back conditions and resulting psychological disability. It contends that the Board necessarily reversed a credibility finding by the referee and that the decision is not properly explained nor supported by the record.

Claimant testified at the hearing about the student confrontations that allegedly caused her condition. The school principal testified that, despite several opportunities, claimant did not inform her of the alleged confrontations. Several of her treating physicians also noted that she did not mention the incidents during physical examinations immediately after the alleged events. There was considerable evidence supporting the referee's implicit finding that her description of the events was not credible. In denying the claim, the referee said:

"In conjunction with Drs. Rohlfing's and Schoepflin's negative opinions on aggravation of claimant's underlying

---

[3] Claimant's remaining contentions do not warrant discussion.

physical condition, the failure of claimant to relate the circumstances of her school injuries to either Dr. Rohlfing or Dr. Schoepflin is of significance. If, as claimant testified, the traumatic events of the October 4, 1983 school week caused tremendous pain, fear and anxiety, one would expect the incidents to have been immediately reported to the school principal and accurately related to the treating doctors. This claimant did not do. Only in reflection did claimant mention the events surrounding any student confrontations. I do not find that claimant has established that her back, shoulders, neck and stress conditions were aggravated in any way by the events involving her students in early October 1983."

Because claimant's testimony was the only direct evidence connecting her condition with her work activity, the Board, in finding compensability, apparently believed her rendition of the events. It did not explain why it disagreed with his disbelief of claimant's testimony.

Affirmed on petition; reversed and remanded for reconsideration on cross-petition.